**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | )  C.A. No. 1:06CV00309 (RBW) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF DEFENSE | ) |
| | ) |
| Defendant. | ) |
| ———————————————————— | ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Rule 56 of the Federal Rules of

Civil Procedure, hereby moves for partial summary judgment on its Freedom of Information Act

claim against Defendant U.S. Department of Defense.  As grounds therefor, Plaintiff states as

follows:

**MEMORANDUM OF LAW**

**I.     Introduction.**

Plaintiff is filing this motion because Defendant has failed to comply with its obligations

under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As shown below, Defendant is

improperly withholding information from Plaintiff pursuant to 5 U.S.C. § 552 (b)(7)(A).  Under

these circumstances, Plaintiff respectfully submits that it is entitled to partial summary judgment.

The summary judgment order should declare that Defendant has failed to comply with its

obligations under FOIA and should require Defendant to produce all non-exempt, responsive

records and/or a *Vaughn* index by a date certain.

**II.     Factual Background.**

This case came about as a result of Plaintiff's investigation into the September 11, 2001

terrorist attacks on the United States, specifically, the hijacking of Flight 77 which was crashed

by terrorists into the Pentagon.  In furtherance of its investigation, on December 15, 2004,

Plaintiff sent Defendant a FOIA request seeking access to any and all records concerning or

relating to the following subjects:

> 1.    Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Sheraton National Hotel in Arlington, Virginia on or about September 11, 2001.

> 2.    Video camera recording(s) obtained by any federal official(s) and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity of the Pentagon on or about September 11, 2001;

> 3.    Pentagon security video camera recording(s) showing Flight 77 strike and/or hit and/or crash into the Pentagon on September 11, 2001;

> 4.    Closed Circuit Television (CCTV) video camera recording(s) obtained by any federal official(s) and/or law enforcement from the Virginia Department of Transportation ("VDOT") and/or the VDOT "Smart Traffic Center" on or about September 11, 2001.

*See* Plaintiff's Statement Of Material Facts In Support Of Motion for Partial Summary Judgment

("Plaintiff's Statement") at ¶2.

On or about January 26, 2005, Plaintiff received a letter from C.Y. Talbott, Chief of

Defendant's Office of Freedom of Information & Security Review acknowledging receipt of

Plaintiff's December 15, 2004 request.  *See* Plaintiff's Statement at ¶3.  Mr. Talbott's letter also

informed Plaintiff that a video:

> responsive to item three of your request is exempt from release because it is in a file compiled for a [sic] law enforcement purposes, and its release could reasonably be expected to interfere with law enforcement proceedings.  Mr. John Jester, Director, Pentagon Force Protection Agency, an Initial Denial Authority, has therefore denied release of the video in full under the provisions of 5 U.S.C. § 552 (b)(7)(A).

*Id.* Finally, Mr. Talbott's letter informed Plaintiff that it was entitled to appeal Defendant's

determination regarding the video tape, which Plaintiff did on or about March 27, 2005. *Id.* at ¶4.

On or about June 10, 2005, Defendant denied Plaintiff's administrative appeal, citing the

following grounds:

> I have been advised that the video of the September 11, 2001 attack on the
> Pentagon is still part of an ongoing investigation of Zacarias Moussaoui, and is
> exempt from release. Consequently, I must deny this information pursuant to 5
> U.S.C. § 552 (b)(7)(A).
>
> You are advised that you have the right to judicial review of this decision in a
> United States District Court, in accordance with 5 U.S.C. § 552 (a)(4)(B).

*Id.* at ¶5.

Plaintiff has a statutory right to the records it seeks, and there is no legal basis for

Defendant's refusal to disclose these records to Plaintiff.  Therefore, Plaintiff filed this lawsuit on

February 22, 2006.

## III.    Argument.

Summary judgment is appropriate when there is no genuine dispute as to any material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Where the

non-moving party has the burden of proof on an issue, the moving party is entitled to summary

judgment if it shows the absence of evidence to support the non-moving party's claim or defense

on which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326-327 (1986).  In

addition:

> [I]n cases in which the nonmoving party will bear the burden of proof at trial, the
> movant can seek summary judgment by establishing that the opposing party has
> insufficient evidence to prevail as a matter of law, thereby forcing the opposing
> party to come forward with some evidence or risk having judgment entered
> against him.

10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice And Procedure* §
2727, n.41 (3rd ed. 2001).

In a FOIA case, the government has the burden of proving compliance by showing that it
produced responsive records on time, that the records do not exist, or that an exemption from
disclosure applies on the facts. 5 U.S.C. § 552(a)(4)(B); *Kronberg v. United States Dep't of
Justice*, 875 F. Supp. 861, 865 (D.D.C. 1995) ("In order for summary judgment to be appropriate
in favor of the government in a FOIA case, the government must prove 'that each document that
falls within the class requested either has been produced, is unidentifiable, or is wholly exempt
from [the FOIA's] inspection requirements.'") (citing *National Cable Television Ass'n. v. FCC*,
479 F.2d 183, 186 (D.C. Cir. 1973)). Thus, a court should grant summary judgment in favor of a
FOIA requestor unless an agency proves that it produced all responsive records in a timely
manner or demonstrates facts showing that the responsive records at issue were exempt from
disclosure.

FOIA provides a framework of liberal disclosure for agency records and "provides that all
documents are available to the public unless specifically exempted by the Act itself." *Vaughn v.
Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973) (footnote omitted). Exemptions from disclosure
"must be construed narrowly, in such a way as to provide the maximum access consonant with
the overall purpose of the Act." *Id.*

Where the government asserts that a record is exempt from disclosure, "the court shall
determine the matter *de novo* and the burden is on the agency to sustain its action." 5 U.S.C. §
552 (a)(4)(B); *United States Dep't of Justice v. Landano*, 508 U.S. 165, 171 (1993). A
responsive record must be disclosed except where the government meets its burden of showing

4

that the record fits within one of the specific exemptions. *King v. United States Dep't of Justice*,

830 F.2d 210, 217 (D.C. Cir. 1987).

### A.    Defendant Is Improperly Withholding Documents Pursuant To 5 U.S.C. § 552 (b)(7)(A).

As explained above, in the instant matter, Defendant is withholding a videotape from

Plaintiff pursuant to 5 U.S.C. § 552 (b)(7)(A).  This section states that FOIA's provisions do not

apply to matters that are:

> (7) records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information (A)
> could reasonably be expected to interfere with enforcement proceedings.

Therefore, as a threshold matter, a determination has to be made as to whether the videotape in

question was "compiled for law enforcement purposes."

In *Willie Jefferson v. Department of Justice*, 284 F.3d 172, 176-77 (D.C. Cir 2002) the

United States Court of Appeals for the District of Columbia Circuit stated that:

> In assessing whether records are compiled for law enforcement purposes,
> this circuit has long emphasized that the focus is on how and under what
> circumstances the requested files were compiled, and "whether the files sought
> relate to anything that can be fairly characterized as an enforcement proceeding."
> In *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73 (D.C. Cir.
> 1974), the court identified two types of investigatory files that government
> agencies compile: (1) files in connection with government oversight of the
> performance of duties by its employees, and (2) files in connection with
> investigations that focus directly on specific illegal acts which could result in civil
> or criminal sanctions.  Again, the court emphasized that the purpose of the
> investigatory files "is the critical factor."  Thus, if the investigation is for a
> possible violation of the law, then the inquiry is for law enforcement purposes, *as
> distinct from customary surveillance of the performance of duties by government
> employees.* (Emphasis added.) (Citations omitted.)

By this standard, the videotape being withheld by Defendant was not in fact compiled for a

specific law enforcement purpose, it is merely a surveillance tape made in the ordinary course of

5

every day activity in and around the Pentagon.

Even if the tape could be said to have been compiled for law enforcement purposes, Exemption 7(A) is applicable only in certain circumscribed circumstances that are not present here. The D.C. Circuit has set a stringent standard, holding that an agency seeking Exemption 7(A) protection must show that release of information would interfere with a pending enforcement proceeding. *See North v. Walsh*, 881 F.2d 1088, 1100 (D.C. Cir. 1989) (stating that standard is "whether disclosure can reasonable be expected to interfere in a palpable way" with law enforcement proceedings); *see also Campbell v. HHS*, 682 F.2d 256, 259 (D.C. Cir. 1982).

In the instant matter, release of the video tape will not interfere with law enforcement proceedings, specifically, the ongoing trial of Zacharias Moussaoui, in any way. The fact of the crash of Flight 77 into the Pentagon is already public knowledge, to put it mildly. It does not follow that the release of a video showing a very public and well publicized crime, now of historical significance, would hinder the Moussaoui trial or any other American law enforcement efforts to catch those connected to such a terrorist act.

Plaintiff also notes that numerous video recordings of American Airlines Flight 11 and United States Flight 175, both taking off from Boston and crashing into the World Trade Center in New York City on September 11, 2001, have been and continue to be well publicized on television, both on the major networks and twenty-four hour news channels, and on the Internet. The continued showing of these recordings has not interfered with any federal law enforcement proceedings against those allegedly responsible, including Mr. Moussaoui.

## IV.    Conclusion.

For all of the above reasons Defendant should not be permitted to continue withholding

the videotape in question.  Partial summary judgment should be entered in Plaintiff's favor and

Defendant should be compelled to release the video to Plaintiff immediately.

Respectfully submitted,

JUDICIAL WATCH, INC.

_____

Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

March 30, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF DEFENSE | ) |
| | ) |
| Defendant. | ) |
| | ) |

C.A. No. 1:06CV00309 (RBW)

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Local Civil Rule 56.1,

respectfully submits the following statement of facts to which there is no genuine issue or

dispute:

1.      Plaintiff is a non-profit organization headquartered in Washington, D.C.

*See* Affidavit of Christopher J. Farrell ("Farrell Affidavit") at ¶ 2.

2.      On December 15, 2004, Plaintiff sent Defendant a FOIA request seeking access to

any and all records concerning or relating to the following subjects:

> a.      Video camera recording(s) obtained by federal official(s) and/or
> law enforcement from the Sheraton National Hotel in Arlington, Virginia
> on or about September 11, 2001.
>
> b.      Video camera recording(s) obtained by any federal official(s)
> and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity
> of the Pentagon on or about September 11, 2001;
>
> c.      Pentagon security video camera recording(s) showing Flight 77
> strike and/or hit and/or crash into the Pentagon on September 11, 2001;
>
> d.      Closed Circuit Television (CCTV) video camera recording(s)
> obtained by any federal official(s) and/or law enforcement from the
> Virginia Department of Transportation ("VDOT") and/or the VDOT
> "Smart Traffic Center" on or about September 11, 2001.

*See* Farrell Affidavit at ¶3.

3.     On or about January 26, 2005, Plaintiff received a letter from C.Y. Talbott, Chief

of Defendant's Office of Freedom of Information & Security Review acknowledging receipt of

Plaintiff's December 15, 2004 request.  *See* Farrell Affidavit at ¶4.  Mr. Talbott's letter also

informed Plaintiff that a video:

> responsive to item three of your request is exempt from release because it is in a
> file compiled for a [sic] law enforcement purposes, and its release could
> reasonably be expected to interfere with law enforcement proceedings.  Mr. John
> Jester, Director, Pentagon Force Protection Agency, an Initial Denial Authority,
> has therefore denied release of the video in full under the provisions of 5 U.S.C. §
> 552 (b)(7)(A).

*Id.* at ¶4.  Finally, Mr. Talbott's letter informed Plaintiff that it was entitled to appeal

Defendant's determination regarding the videotape. *Id.*

4.     Plaintiff filed an appeal of Defendant's January 26, 2005 letter on or about March

27, 2005. *Id.* at ¶5.

5.     On or about June 10, 2005, Plaintiff received a letter from Howard G. Becker,

Deputy Director of Defendant's Office of Administration and Management.  In the June 10, 2005

letter, Defendant denied Plaintiff's administrative appeal, citing the following grounds:

> I have been advised that the video of the September 11, 2001 attack on the
> Pentagon is still part of an ongoing investigation of Zacarias Moussaoui, and is
> exempt from release. Consequently, I must deny this information pursuant to 5
> U.S.C. § 552 (b)(7)(A).
>
> You are advised that you have the right to judicial review of this decision in a
> United States District Court, in accordance with 5 U.S.C. § 552 (a)(4)(B).

*Id.* at ¶6.

6.     Defendant is improperly withholding documents from Plaintiff pursuant to 5

2

U.S.C. § 552 (b)(7)(A).

Respectfully submitted,

JUDICIAL WATCH, INC.

_____

Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

March 30, 2006

3