## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.          )
                                      )
           Plaintiff,        )
                                        )     C.A. No. 1:06CV00309 (RBW)
v.                               )
                                        )
U.S. DEPARTMENT OF DEFENSE    )
                                      )
           Defendant.    )
_____)

## AFFIDAVIT OF CHRISTOPHER J. FARRELL

Christopher J. Farrell, being duly sworn, hereby states as follows:

1.     My name is Christopher Farrell.  I am over eighteen years of age, of sound mind, and am fully competent to make this affidavit.  I also have personal knowledge of the factual statements contained herein.

2.     Judicial Watch, Inc. is a non-profit organization headquartered in Washington, D.C.  I currently am employed by Judicial Watch, Inc. as the Director of Investigations and Research.  I have served in this capacity at Judicial Watch, Inc. since approximately 1999 and, in the course of carrying out my duties and responsibilities as Director of Investigations and Research have made and received responses to hundreds of Freedom of Information Act (FOIA") requests.

3.     On December 15, 2004, Plaintiff sent Defendant a FOIA request seeking access to any and all records concerning or relating to the following subjects:

        a.     Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Sheraton National Hotel in Arlington, Virginia on or about September 11, 2001.

        b.     Video camera recording(s) obtained by any federal official(s)

and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity
of the Pentagon on or about September 11, 2001;

c.    Pentagon security video camera recording(s) showing Flight 77
strike and/or hit and/or crash into the Pentagon on September 11, 2001;

d.    Closed Circuit Television (CCTV) video camera recording(s)
obtained by any federal official(s) and/or law enforcement from the
Virginia Department of Transportation ("VDOT") and/or the VDOT
"Smart Traffic Center" on or about September 11, 2001.

A true and correct copy of Judicial Watch, Inc.'s December 15, 2004 FOIA request is attached

hereto as Exhibit 1.

4.    On or about January 26, 2005, Plaintiff received a letter from C.Y. Talbott, Chief

of Defendant's Office of Freedom of Information & Security Review acknowledging receipt of

Plaintiff's December 15, 2004 request.  Mr. Talbott's letter also informed Plaintiff that a video:

responsive to item three of your request is exempt from release because it is in a
file compiled for a [sic] law enforcement purposes, and its release could
reasonably be expected to interfere with law enforcement proceedings.  Mr. John
Jester, Director, Pentagon Force Protection Agency, an Initial Denial Authority,
has therefore denied release of the video in full under the provisions of 5 U.S.C. §
552 (b)(7)(A).

Finally, Mr. Talbott's letter informed Plaintiff that it was entitled to appeal Defendant's

determination regarding the video tape.  A true and correct copy of Defendant's January 26, 2005

letter attached hereto as Exhibit 2.

5.    Plaintiff filed an appeal of Defendant's January 26, 2005 letter on or about March

27, 2005.  A true and correct copy of Judicial Watch, Inc.'s FOIA appeal is attached hereto as

Exhibit 3.

6.    On or about June 10, 2005, Plaintiff received a letter from Howard G. Becker,

Deputy Director of Defendant's Office of Administration and Management.  In the June 10, 2005

2

letter, Defendant denied Plaintiff's administrative appeal, citing the following grounds:

> I have been advised that the video of the September 11, 2001 attack on the Pentagon is still part of an ongoing investigation of Zacarias Moussaoui, and is exempt from release. Consequently, I must deny this information pursuant to 5 U.S.C. § 552 (b)(7)(A).

> You are advised that you have the right to judicial review of this decision in a United States District Court, in accordance with 5 U.S.C. § 552 (a)(4)(B).

A true and correct copy of Defendant's June 10, 2005 letter is attached hereto as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March _30_, 2006 in Washington, D.C.

_____
Christopher J. Farrell

# EXHIBIT 1

# Judicial Watch™

*Because no one
is above the law!*

**COPY**

<u>VIA FACSIMILE AND CERTIFIED U.S. MAIL</u>

December 15, 2004

James Hogan
Office of Freedom of Information/
    Security Review
DEPARTMENT OF DEFENSE
Room 2C757
1155 Defense Pentagon
Washington, DC  20301-1155
(Fax: 703-693-7341)
(Art. No.: 7002 0860 0004 9551 3604)

David M. Hardy, Chief
Records/Information Dissemination Section
Records Management Division
FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue, N. W.
Washington, DC  20535-0001
(Fax: 202-324-3367)
(Art. No. 7002 0860 0004 9551 3598)

Tony Kendrick
Director
Departmental Disclosure
DEPARTMENT OF HOMELAND
    SECURITY
Room 3310-15
Washington, DC 20528
(Fax: 202-772-5036)
(Art. No.: 7002 0860 0004 9551 3611)

Thomas J. McIntyre, Chief
FOIA/PA Unit
Criminal Division
DEPARTMENT OF JUSTICE
Suite 1127, Keeney Building
Washington, DC 20530-0001
(Fax: 202-514-6117)
(Art. No.: 7002 0860 0004 9551 3628)

Re:  <u>**Freedom of Information Act Request**</u>

Dear Sir/Madam:

  Pursuant to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the U.S. Department of Homeland Security ("DHS"), Department of Defense ("DOD"), and Federal Bureau of Investigation ("FBI") produce any and all agency records concerning, relating to, or reflecting the following subjects:

   (1) Video camera recording(s) obtained by federal
official(s) and/or law enforcement from the Sheraton National Hotel
in Arlington Virginia, on or about September 11, 2001.

---

Judicial Watch, Inc. FOIA Request
December 15, 2004
Page 2

(2)    Video camera recording(s) obtained by any federal
official(s) and/or law enforcement from a Nexcomm/Citgo gas station
in the vicinity of the Pentagon on or about September 11, 2001.[1]

(3)    Pentagon security video camera recording(s) showing Flight 77
strike and/or hit and/or crash into the Pentagon on September 11, 2001.

(4)    Closed Circuit Television (CCTV) video camera recording(s)
obtained by any federal official(s) and/or law enforcement from the
Virginia Department of Transportation ("VDOT") and/or the VDOT
"Smart Traffic Center" on or about September 11, 2001. [2]

For purpose of this request, the term "record" shall mean: (1) any written, printed, or typed
material of any kind, including without limitation all correspondence, memoranda, notes, messages,
letters, cards, telegrams, teletypes, printed matter, facsimiles, papers, forms, records, telephone
messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists,
ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, statements, checks,
statistics, surveys, affidavits, minutes, contracts, agreements, transcripts, magazine or newspaper
articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any
kind, including without limitation all electronic mail or e-mail, meaning any electronically
transmitted text or graphic communication created upon and transmitted or received by any computer
or other electronic device, and all materials stored on compact disk, computer disk, diskette, hard
drive, server, or tape; (3) any audio, aural, visual, or video records, recordings, or representations of
any kind, including without limitation all cassette tapes, compact disks, digital video disks,
microfiche, microfilm, motion pictures, pictures, photographs, or videotapes; (4) any graphic
materials and data compilations from which information can be obtained; (5) any materials using
other means of preserving thought or expression; and (6) any tangible things from which data or
information can be obtained, processed, recorded, or transcribed. The term "record" also shall mean
any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

**If you do not understand this request or any portion thereof, or if you feel you require
clarification of this request or any portion thereof, please contact us immediately at 202-646-
5172.**

---

[1]    Bill McKelway. "Scars are Still Visible in Northern Virginia," *Richmond Times-Dispatch*. December
9, 2001. Pp. A-1

[2]    Virginia Department of Transportation (VDOT) Internet website.
[ http://www.virginiadot.org/comtravel/smart-traffic-center-nova-security.asp ]

Judicial Watch, Inc. FOIA Request
December 15, 2004
Page 3

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

**Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).**

Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

As a member of the news media, Judicial Watch uses the following means, among others, to publish and disseminate its distinctive work to the public:

(1) Judicial Watch maintains an Internet site, www.JudicialWatch.org, where the public can review records obtained through FOIA and read editorial works prepared by Judicial Watch including news releases, based on FOIA materials. This website is viewed by over 20,000 people per day on average, and on several occasions, has logged up to 1,000,000 visitors in a single day.

(2) Judicial Watch also publishes a monthly newsletter in which it publishes its own editorial works and presents, analyzes, and explains information it obtains through FOIA. Judicial Watch, Inc.'s newsletter is sent to approximately 140,000 individuals each month. The organization also utilizes an e-mail Infonet service that sends out updates of Judicial Watch's activities over the Internet to almost 14,00 persons.

(3) Judicial Watch also periodically publishes and disseminates its own distinct works in the form of books and reports. For example, in September 1998 Judicial Watch published the *Interim Report on Crimes and Other Offenses Committed by President Bill Clinton Warranting His Impeachment and Removal from Elected Office*. This 145-page report was accompanied by nearly 4,000 pages of supporting documentation and was crafted, in part, from the raw materials obtained by Judicial Watch through FOIA requests, among other regular means. In August 1999, Judicial Watch published *Filegate Status Report*, which is 136 pages long and is supported by nearly 1000 pages of documentation. In March 2001, Judicial Watch published *The Judicial Watch Florida Recount*, an independent, non-partisan analysis of the results of Florida's hotly contested 2000 Presidential election based upon an sampling of ballots reviewed by Judicial Watch pursuant

Judicial Watch, Inc. FOIA Request
December 15, 2004
Page 4

to Florida's version of FOIA. In February 2002, Judicial Watch published *The Judicial Watch 2002 "State of the Union" Report, Bush Administration Ethics Enforcement: "A Failure of Leadership."* In September 2002, Judicial Watch published *Fatal Neglect: The U.S. Government's Continuing Failure to Protect American Citizens from Terrorists.* Most recently on November 21, 2003, Judicial Watch produced *Analysis of GAO Testimony: US Postal Service – Clear Communication With Employees Needed Before Reopening of Brentwood Facility.* (GAO-04-2057T/October 23, 2003). Comptroller General of the United States David M. Walker, in a reply to Judicial Watch's *Analysis of GAO Testimony*, wrote on December 17, 2003, "We view Judicial Watch as an important accountability organization in Washington, D.C."

Judicial Watch also publishes and disseminates its distinctive work by participating in public conferences and seminars, including its own "Ethics in Government" conferences held in Pasadena, California (1999), Washington, DC (2000), and Miami, FL (2001). Judicial Watch also works with other media organizations to publish and disseminate distinctive work to the public, and representatives of Judicial Watch appear frequently on nationally broadcast television and radio programs. Judicial Watch is a member of the National Religious Broadcast Association and has been granted press credentials at a number of national conventions and other events.

Consequently, Judicial Watch qualifies for a waiver of search fees as a member of the news media. *See National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). In fact, Judicial Watch, Inc. has been recognized as a member of the news media in other FOIA litigation. *See Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000).

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch ongoing efforts to monitor the operations and activities of the federal government and to educate the public about these operations and activities, and, in particular, as part of an investigation into the facts and circumstances surrounding the crash of Flight 77 into the Pentagon on September the 11th 2001.

Judicial Watch, Inc. FOIA Request
December 15, 2004
Page 5

Courts applying the "public interest" fee waiver provision of FOIA typically take into account four factors in determining whether to grant a waiver: (1) whether the subject of the requested records concerns the operations or activities of government; (2) whether disclosure of the requested records is likely to contribute to an understanding of government operations or activities; (3) whether disclosure of the requested records will contribute to a "reasonably broad" audience and whether the requestor has the "ability and intention" to disseminate the information to the public; and (4) whether disclosure of the requested record will contribute "significantly" to the public understanding. *See D.C. Technical Assistance Org. v. HUD*, 85 F. Supp.2d 46, 48-49 (D.D.C. 2000); 28 C.F.R. § 16.11(k)(2)(i)-(iv). Request for "public interest" waivers are to be judged on a case-by-case basis." *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

Without question, the subject-matter of the request concerns the operations and activities of government, as the request specifically seeks information about the crash of Flight 77 into the Pentagon on September 11, 2001.

Disclosure of the requested records is likely to contribute to an understanding of government operations and activities and will appeal to a "reasonably broad" audience because the records relate directly to the facts and circumstances surrounding the crash of Flight 77, which has come under scrutiny from European authors and Internet sources who question the facts and evidence that the commercial passenger jet did indeed crash into the Pentagon.

French journalist Thierry Meyssan has authored a controversial book entitled *L'Effroyable Imposture (The Frightening Fraud)*, which as been translated into English and published in America as *9/11: The Big Lie*.[3] In the book the author makes allegations that the object that struck the Pentagon on 9/11 was not a airplane (Flight 77), but a missile.

According to the allegations published by Meyssan and circulating on the Internet, based on eye-witness descriptions, the characteristics of the object in the moments before the impact more resemble a missile than an airplane. Meyssan claims the lack of debris on the ground and inside the Pentagon, as well as lack of more significant damage to the Pentagon rings indicate that a missile, not an airplane, struck the Pentagon that day. Release of the video recordings that were reportedly obtained that day will put an end to these allegations and questions, and fully inform the American public of the details of the crash into the Pentagon. The crash has already been widely covered by the press and investigated by private groups and the government with findings published, including those done by the American Society of Civil Engineers (ASCE).

The taxpaying American public deserves full disclosure of any direct recording of the most deadly terrorist attack on America in history.

---

[3]    Thierry Meyssan. *9/11: The Big Lie*. (Continental Sales: August 1, 2002)

Judicial Watch, Inc. FOIA Request
December 15, 2004
Page 6

Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, to the public via its radio programs, website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch, Inc. has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts, including its radio programs, website, newsletter, periodic published reports, public appearances, and other educational undertakings.

Finally, disclosure of the requested records will contribute significantly to the public's understanding of the crash because relatively little is known about it from recorded sources. Furthermore, very little is known about the recordings requested in this letter. Gas station attendant Jose Velasquez stated that "the gas station's security cameras are close enough to the Pentagon to have recorded the moment of impact." He further stated "I've never seen what the pictures looked like. . . The FBI was here within minutes and took the film."[4]   The records requested by Judicial Watch undoubtedly will shed additional light on this important matter.

Given these compelling circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch. requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days.

Sincerely,

JUDICIAL WATCH, INC.

Christopher J. Farrell

CJF/mac

---

[4]      Bill McKelway. "Scars are Still Visible in Northern Virginia," *Richmond Times-Dispatch*. December 9, 2001. Pp. A-1

EXHIBIT 2



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION AND SECURITY REVIEW
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

JAN 2 6 2005

Ref: 05-F-0535

Mr. Christopher J. Farrell
Judicial Watch, Inc.
501 School St., SW, 5th Floor
Washington, DC 20024

Dear Mr. Farrell:

This responds to your Freedom of Information Act (FOIA) request of December 15, 2004. We are responding only to item three, as the remaining items would be under the congnizance of the other addressees of your request.

It has been determined that the video responsive to item three of your request is exempt from release because it is in a file compiled for a law enforcement purposes, and its release could reasonably be expected to interfere with ongoing legal proceedings. Mr. John Jester, Director, Pentagon Force Protection Agency, an Initial Denial Authority, has therefore denied release of the video in full under the provisions of 5 U.S.C. 552 (b)(7)(A).

You may appeal Mr. Jester's decision to withhold the video by submitting your rationale to reverse the initial decision. Any such appeal should be postmarked within 60 calendar days of the date of this letter to the address on the letterhead above, and cite FOIA case number 05-F-0535.

There are no assessable fees for this response in this instance.

Sincerely,

C. Y. Talbott
Chief



EXHIBIT 3



## Judicial Watch™
*Because no one
is above the law!*

<u>**VIA FACSIMILE AND CERTIFIED US MAIL**</u>

March 27, 2005



Appeals Officer
Office of Freedom of Information
   and Security Review
US DEPARTMENT OF DEFENSE
1155 Defense Pentagon
Room 2C757
Washington, DC 20301-1155
(Fax No.: 703-693-7341)
(Art. No.: 7002 0860 0004 9550 8082)

<u>**Re: Appeal of Freedom of Information Act Request**</u>

<u>**Case No.: 05-F-0535**</u>

Dear Sir/Madam:

On December 15, 2005 Judicial Watch Inc. (hereafter "Judicial Watch") filed a Freedom of Information Act (hereafter "FOIA") request with the Department of Defense (hereafter "DOD") requesting all documents and/or records that refer or relate in any way to, as well as a actual copy of, a Pentagon security camera video recording of Flight 77 crashing into the Pentagon on September 11, 2001. (*See* Exhibit 1, attached)

In a response letter, C. Y. Talbott, Chief, Office of Freedom of Information and Security Review, stated "It has been determined that the video responsive to item three of your request is exempt from release because it is in a file complied for a law enforcement purposes, and its release could reasonably be expected to interfere with ongoing legal enforcement proceedings. Mr. John Jester, Director, Pentagon Force Protection Agency, an Initial Denial Authority, has therefore denied release of the video in full under the provisions of 5 U.S.C. 552 (b)(7)(A)." (See Exhibit 2, attached)

This letter respectfully appeals the determination of Mr. Jester.

The video in question captures the impact of Flight 77, a Boeing 757, into the Pentagon on September 11, 2001. The claim of the DOD that the release of the video recording would



Appeal of FOIA Case No: 05-F-0535. (Con't)

interfere with ongoing legal enforcement proceedings is very peculiar. The crime of terrorism on the American public committed by Osama Bin Laden and his al-Qaeda network, in the form of crashing a plane full of people into the Pentagon, which caused deaths and injury to even more people inside the Pentagon, has been well established and accepted by federal law enforcement, media reports, the international community, not to mention the terrorists themselves who have claimed responsibility for the act. The fact of the crash of Flight 77 into the Pentagon is well accepted and is already public knowledge, widely known as a real event. It does not follow that a the release of a video showing a very public and well publicized crime, now of historical significance, would hinder any American law enforcement efforts to catch those connected to such a terrorist criminal act. The video obviously cannot give investigators profiles of suspects, document or financial trails, the origin of the plane (which is already known), or the pilots of it (which again is established and well known). All the video can demonstrate is the actual impact of the plane on the Pentagon that day. This terrorist event is moot and gives no insight or intelligence information on future terrorist plans or events being devised by the al-Qaeda network.

Video recordings of American Airlines Flight 11 and United Airlines Flight 175, both taking off from Boston and crashing into the World Trade Center in New York City on September 11, 2001, have been and today continue to be well publicized on television news, both the major networks and the twenty-four hour cable news channels, and on the Internet. The continued showing of these crashes have not interfered with federal law enforcement proceedings against those alleged responsible, including Zacharias Moussaoui the so-called "20th highjacker." These videos confirm the already know and accepted act of terrorism, nothing more. The fact that the crime has been well publicized and is well known does not, in this instance, provide any hindrance to law enforcement to apprehend and prosecute people for that crime, nor does it give any criminal defense counsel facts to have the charges dismissed, again because the video provides no facts beyond the already know and accepted act of the crime.

The DOD has not established its statutory burden of demonstrating how the release of the video would interfere with ongoing legal enforcement proceedings, Judicial Watch respectfully appeals and requests a full copy of any and all recordings and/or documents responsive to our request.

Sincerely,

JUDICIAL WATCH, INC.

Christopher J. Farrell

CJF/mac

EXHIBIT 4



**OFFICE OF THE SECRETARY OF DEFENSE**
1950 DEFENSE PENTAGON
WASHINGTON, DC 20301-1950

1 0 JUN 2005

ADMINISTRATION AND
MANAGEMENT

Ref: 05-A-01009(A)

Mr. Christopher J. Farrell
Judicial Watch, Inc.
501 School Street, SW, 5th Floor
Washington, DC  20024

Dear Mr. Farrell:

This is in response to your March 27, 2005, Freedom of Information Act (FOIA) appeal.

I have been advised that the video of the September 11, 2001, attack on the Pentagon is still a part of an ongoing investigation involving Zacarias Moussaoui, and is exempt from release.  Consequently, I must deny this information pursuant to 5 USC § 552(b)(7)(A).

You are advised that you have the right to judicial review of this decision in a United States District Court, in accordance with 5 USC § 552(a)(4)(B).

Sincerely,

Howard G. Becker
Deputy Director