IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, <br>     Defendant. | Civil Action No. 06-309 (RBW) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS THIS CASE AS MOOT**

    The criminal trial of Zacarias Moussaoui having now concluded, defendant has determined that it is no longer necessary to withhold, pursuant to Freedom of Information Act Exemption 7(A) (hereinafter "Exemption 7(A)"), 5 U.S.C. § 552(b)(7)(A), the Pentagon security camera recording that is the subject of this case, and has made preparation for the imminent release of the recording.  Plaintiff was informed by letter dated May 15, 2006, that beginning at 1:00 PM on May 16, 2006, the requested recording will be available for plaintiff to retrieve at the Department of Defense's Office of Freedom of Information at 1777 N. Kent Street, Rosslyn, Arlington, VA, and will be also be made publicly available on the internet at: http://www.defenselink.mil/pubs/foi/index.html.  *See* Exhibit #1 to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Motion to Dismiss Case As Moot.  As defendant is no longer withholding the recording plaintiff seeks, and the release of this recording is the sole issue in the case at bar, the court should deny plaintiff's motion for partial summary judgment on the issue of whether defendant is properly asserting Exemption 7(A), and pursuant

to Fed. R. Civ. P. 12(b)(1) and (b)(6), dismiss this case as moot.

## BACKGROUND

On December 15, 2004, plaintiff sent a FOIA request to defendant seeking, among other documents, the "Pentagon security video camera recording(s) showing Flight 77 strike and/or hit and/or crash into the Pentagon on September 11, 2001". Compl. at 2. In response, defendant advised plaintiff that the only responsive material it possessed was the Pentagon security camera recording, and that it would not produce that recording because it was "still part of an ongoing investigation involving Zacarias Moussaoui," *see id.*, and was therefore exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).

Plaintiff appealed the decision and the appeal was denied on June 10, 2005, because the investigation and preparation for the trial of Zacarias Moussaoui was still ongoing. *See Compl.* ¶¶ 7-9. On February 22, 2006, plaintiff filed the instant action claiming that defendant's withholding of the recording pursuant to Exemption 7(A) was improper and that the Court should order the recording be released. Defendant answered the complaint on March 28, 2006.

A scant two days later, on March 30, 2006, without consulting defense counsel for the purpose of establishing a joint briefing schedule, plaintiff moved for partial summary judgment on the issue of whether defendant was improperly exerting Exemption 7(A) to withhold the requested recording. Defendant sought, and was granted, a thirty day extension of time to respond to that motion, [docket no. 5], because the trial of Zacarias Moussaoui was in its final stages and defendant believed that at the end of the trial there would no longer be a need to withhold the requested recording pursuant to Exemption 7(A). *See* Defendant's First Motion For An Extension of Time, filed Apr. 7, 2006. The Moussaoui trial having now ended, defendant

may release the recording without causing injury to the law enforcement proceedings, and is in the process of doing so. *See* Exhibit #1.

## ARGUMENT

It is well settled that granting plaintiff the relief sought renders moot any claimed FOIA violation. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (release of all non-exempt materials, even if delayed, moots litigation). Additionally, the release of requested records vitiates a fundamental prerequisite to the Court's authority to order production of records – that the requested records be "improperly withheld" within the meaning of the statute. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (judicial authority to devise remedies and enjoin agencies can only be invoked under FOIA's jurisdictional provision if it is shown that agency has improperly withheld agency records).

Defendant having now made available the only material disputed as improperly withheld in plaintiff's Complaint, *see* Compl. ¶¶ 6-9, the claimed FOIA violation is now moot. *See Tijerina*, 821 F.2d at 799. Furthermore, as defendant is no longer withholding any material, the Court lacks jurisdiction under the FOIA to order any remedy or enter any injunction requiring disclosure. *See Kissinger*, 445 U.S. at 150.

CONCLUSION

For the reasons set forth above the Court should deny plaintiff's motion for partial summary judgment and dismiss this case as moot.


Dated: May 15, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar #418925)
Assistant Director

          /s/
Jonathan E. Zimmerman (MA Bar #654255)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6134
Washington, D.C., 20001
Telephone: (202) 353-0441
Fax: (202) 318-7610
jonathan.zimmerman@usdoj.gov

*Attorneys for Defendant*